**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| METSO PAPER USA, INC. | |
| Plaintiff, | CIVIL ACTION NO. 3:08-cv-0772 |
| v. | |
| BOSTIK, INC., | (JUDGE CAPUTO) |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's request for seventy-five (75) documents summarizing, relating, or referring to costs Defendant seeks from Plaintiff in employing public relations firm Holt & Germann during trial preparation. During preparation, Holt & Germann, environmental consultant GZA, and several of Defendant's staff were part of the Oversight Group formed to assist Defendant with litigation strategies. Since the Oversight Group acted at Defendant's request, Defendant argues that attorney work-product protection applies. Plaintiff counters that it has a substantial need to see those documents in order to argue its case, which should override protection. Plaintiff also contends that ten of the withheld documents were drafted by staff at Holt & Germann or GZA, rather than by an attorney, and are therefore unprotected. Finally, Plaintiff suggests that protection for document 26 was waived when it was sent to counsel for Sandvik, Defendant's other adversary in this suit. The Court finds that attorney work-product protection applies to all documents.

"Even if material is protected attorney work product, it can still be produced if the party seeking discovery shows that it has a substantial need for the materials and that it cannot without undue hardship obtain the substantial equivalent of the materials by other

means." *In re Student Finance Corp.* F.Supp.2d, 2006 WL 3484387, 12 (E.D. Pa. 2006). The Middle District Court of Pennsylvania has held that substantial need requires a requesting party to articulate why requests are necessary to its investigation and "why it could not procure this information from another source." *In re Grand Jury*, 211 F.Supp.2d 555, 562 (M.D. Pa. 2001). In this case, Metso has not established why it cannot obtain any needed information from the documents already in its possession.

The Third Circuit has never addressed whether work product applies to third parties. *In re Student Finance Corp.* F.Supp.2d, 2006 WL 3484387, 9 (E.D.Pa. 2006). The Eastern District Court of Pennsylvania, however, decided that work-product protection may apply to non-parties' work product "when doing so accords with the purposes of the privilege set out in *Hickman v. Taylor*." *Id.* at 10. Those purposes are: "preventing discovery from chilling attorneys' ability to formulate their legal theories and prepare their cases, preventing opponents from free-loading off their adversaries' preparation, and preventing disruption of ongoing litigation." *Id.* at 12 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). Specifically, the Court held that work-product protection may apply to documents generated by a nonparty private investigator.

Here, work-product protection applies to the documents authored by third parties. Since third parties were all part of the Oversight Group and integrally involved in each step of trial preparation, revelation of those documents would chill formulation of legal theories and case preparation. It would also permit opponents to free-load off Bostik's preparation merely because Holt & Germann and GZA provided trial assistance.

"[A] party who discloses documents protected by the work-product doctrine may

2

continue to assert the doctrine's protection only when the disclosure furthers the doctrine's underlying goal." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1429 (3d Cir.1991) (internal citations and formatting omitted).  The underlying goal is to allow lawyers to prepare for trial "free from unnecessary intrusion by opposing parties and their counsel."  *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  The Third Circuit in *Westinghouse* found that when a party discloses documents to government agencies investigating allegations against it, the documents lose protection because disclosure does not further that goal of keeping attorney work from opposing parties.  *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1429 (3d Cir.1991).  Though Sandvik is an adversary in this case, document 26 involves the *Black v. Metso* class action, where Bostik and Sandvik presented a joint defense.  Since disclosure to Sandvik actually furthered work-product doctrine goals, the protection applies.

**NOW**, this 13th day of July, 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's request for the seventy-five (75) documents is denied.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge